Argued and submitted February 24, segregation sanction reduced from one year to nine months, otherwise affirmed June 22, 1988

RICHARD WAYNE HADEN SWAIN,
*Petitioner,*

*v.*

OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*

(5-542F; CA A44791)

756 P2d 65

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner seeks review of a final order of the Superintendent of the Oregon State Correctional Institution. It found that he had violated OAR 291-105-015(4), by assaulting another inmate, and subsection (9) by showing disrespect for a recreation therapist, and imposed sanctions of one year of segregated detention, noncertification of 304 days good time credits and a 15 1/2-month extension of his parole release date. He contends that the hearings officer was not authorized to recommend the sanction of one year in segregation.[1] We agree.

Under OAR 291-105-053(1), a hearings officer may recommend one year of disciplinary segregation as a sanction only for violations that involve:

"(a)   Advocating, creating, engaging, encouraging or promoting a disturbance, or

"(b)   Assaulting, conspiring, or attempting to assault another person using deadly force or methods resulting in or that may result in, serious physical injury."

The hearings officer recommended one year of segregation on the basis that petitioner's rule violations "involved the creation and engaging in a disturbance." Petitioner contends that, because he was not charged with disruptive behavior, he cannot be sanctioned for it. We agree. OAR 291-105-015, describing the rules of prohibited conduct, provides:

"(1)   Disruptive Behavior:

"(a)   No inmate shall advocate, create, engage in, encourage or promote a disturbance.

"(b)   A disturbance is the creation or maintenance of an unreasonably annoying condition or disorder, characterized by unruly, noisy or violent conduct or unauthorized group activity which disrupts the orderly administration of or poses a direct threat to the security of a facility, facility program(s) or the safety of personnel."

Petitioner was not charged with disruptive behavior, and there was no finding that he had violated the rule prohibiting it or that the rule violation for assault involved deadly force or

---

[1] Petitioner's other assignments of error require no discussion.

other methods which could have resulted in serious physical injury. Under OAR 291-105-053 actions involving

"(c) Assaulting, conspiring or attempting to assault a staff member without the use of deadly force, or

"(d) Assaulting, conspiring or attempting to assault another inmate (non-mutual fight),"

carry a maximimum period of nine months segregation. Accordingly, we reduce petitioner's segregation sanction from one year to nine months.

Segregation sanction reduced from one year to nine months; otherwise affirmed.